UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISAEL RAMOS, GERALD RAMOS, and MICHAEL RAMOS, an individual, and as Successor in Interest to the Estate of Remedios Ramos, <br><br> Plaintiffs, <br><br> v. <br><br> FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER, d/b/a FRESNO HEART AND SURGICAL HOSPITAL, THAMPI JOHN, M.D., BOSTON SCIENTIFIC CORPORATION, <br><br> Defendants. | No.  1:26-cv-01071-KES-SKO <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO REMAND, AND DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES <br><br> Doc. 13 |

Plaintiffs Misael Ramos, Gerald Ramos, and Michael Ramos move to remand this action to the Superior Court for the County of Fresno, following removal to federal court by defendant Boston Scientific Corporation.  Doc. 13.  This matter is suitable for resolution without a hearing pursuant to Local Rule 230(g).  The Court has considered the parties' briefing and, for the reasons explained below, grants plaintiffs' motion to remand and denies plaintiffs' motion for attorney's fees.

I.     BACKGROUND

On December 9, 2025, Remedios Ramos ("Decedent") underwent surgery to install a watchman device.  Doc. 16 at ¶¶ 25–26.  The surgery was performed by Thampi John M.D. ("Dr.

1

John") and occurred at Fresno Community Hospital and Medical Center, d/b/a Fresno Heart and Surgical Hospital ("Fresno Community Hospital"). *Id.* at ¶¶ 25–31. Boston Scientific Corporation manufactured the watchman device. *Id.* at ¶ 8. On December 14, 2025, Decedent died. *Id.* at ¶ 33. Plaintiffs allege Decedent's death was caused both by complications in the surgery due to medical malpractice and by a manufacturing defect in the watchman device. *Id.*

Plaintiffs filed this action against Fresno Community Hospital, Dr. John (collectively "California Healthcare defendants"), fictious Doe defendants, and Boston Scientific in Fresno County Superior Court on December 29, 2025. Doc. 1, Ex. A. Plaintiffs filed an amended complaint on February 27, 2026.[1] Doc. 16 Plaintiffs allege the California Healthcare defendants caused Decedent's death by improperly and negligently performing the watchman procedure and by failing to properly install and/or affix the implant device. *Id.* at ¶ 56. Plaintiffs also allege Boston Scientific caused Decedent's death, asserting theories of negligence and implied breach of warranty relating to the manufacturing of the watchman device.[2] *Id.* at ¶¶ 36–53.

On February 6, 2026, Boston Scientific filed a notice of removal to federal court based on diversity jurisdiction. Doc. 1. Boston Scientific asserts that plaintiffs fraudulently misjoined the California Healthcare defendants, and that plaintiffs' claim against those defendants should be severed from their claims against Boston Scientific. On February 18, 2026, plaintiffs moved to remand on the ground that there is not complete diversity. Doc. 13-1 at 2. Plaintiffs also seek attorney's fees and the costs of litigating the removal and motion to remand. Doc. 13-1 at 7. On March 4, 2026, defendants filed an opposition to the motion to remand, to which plaintiffs replied on March 13, 2026. Docs. 17, 19.

## II.    LEGAL STANDARD

A suit filed in state court may be removed to federal court if the court would have original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties

---

[1] Plaintiffs dropped all claims against Doe defendants in their amended complaint.

[2] Plaintiffs' originally also brought strict liability and express breach of warranty claims against Boston Scientific. Doc. 1-1 at 17.

and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).  Defendants desiring to remove a civil action to federal court must file a notice of removal containing a short and plain statement of the grounds for removal, . . ."  28 U.S.C. § 1446(a).  Defendants need only allege that the parties are diverse and that the amount in controversy exceeds $75,000 to assert diversity jurisdiction.  *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008); *see also Acad. Of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (endorsing the holding in *Ellensburg*).

But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Acad. Of Country Music*, 991 F.3d at 1061 (quoting *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  A federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A court may exercise diversity jurisdiction over a matter when there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  For diversity purposes, a person is a citizen of a state if he or she is: (1) a citizen of the United States and (2) domiciled in that state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).

**III.    ANALYSIS[3]**

All parties are California citizens, except Gerald Ramos, who is a Wisconsin citizen, and Boston Scientific, which is a Delaware and Massachusetts citizen.  Because both plaintiffs and defendants include California citizens, there is no diversity jurisdiction unless the Court finds that the California Healthcare defendants were fraudulently misjoined, or the Court otherwise severs

---

[3] The parties do not dispute the amount in controversy, the parties' citizenship, or that defendant's notice of removal was timely.

3

and remands plaintiffs' claim against the California Healthcare defendants from their claims against Boston Scientific.

**A.     California Healthcare Defendants and Boston Scientific are Properly Joined under Rule 20**

Federal Rule of Civil Procedure Rule 20 allows for permissive joinder of multiple defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; (B) and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiffs assert that Decedent's injuries occurred during the December 9, 2025, surgery, and that the negligence of all three defendants was a substantial factor in causing Decedent's injuries. Doc. 13-1 at 4. While the claims against the California Healthcare defendants and Boston Scientific will concern certain different facts and elements, joinder of all three defendants was proper under Rule 20 as there are also common facts and issues relevant to all claims. For example, how the California Healthcare defendants used the watchman device during the procedure, and whether the watchman device was defective, will be relevant to determining both whether the California Healthcare defendants negligently performed Decedent's surgery and whether Boston Scientific negligently manufactured the watchman device. As plaintiffs note, joinder of all three defendants is further supported by the likelihood that "each of the Defendants will cross-complain against the other for each of their own negligence and comparative fault liability resulting in the death of [Decedent] and damages arising therefrom." *Id.*

Boston Scientific relies on *Temple v. Synthes Corp.*, in which the Supreme Court found that a doctor who performed an implant surgery was not an indispensable party to a products liability claim against the medical device's manufacturer. 498 U.S. 5, 7 (1990). But in *Temple*, the plaintiff sued only the device manufacturer and chose not to join the doctor or hospital, and the Supreme Court found that it was error to require the plaintiff to include the doctor and hospital in the suit as indispensable parties. *Id.* at 6–7. The issue in *Temple* was not whether the plaintiff *could* have joined the doctor and hospital as parties under Rule 20, as here, but whether

4

the plaintiff was *required* to join them.  *Id.*  Indeed, the Court in *Temple* noted that the doctor, hospital, and medical device manufacturer were potential joint tortfeasors.  *Id.* at 7.

In contrast with the facts in *Temple*, here plaintiffs elected to name all three defendants in this action, alleging that the negligence and wrongdoing of all three defendants contributed to Decedent's death.  The *Temple* decision in no way forecloses plaintiffs from electing to sue a doctor and hospital along with the medical device manufacturer when, as here, plaintiffs allege that all three defendants are contributorily negligent for the harm to Decedent.  Under Rule 20, plaintiffs properly joined Boston Scientific and the California Healthcare defendants as defendants in this action.

**B.    Boston Scientific Does Not Establish Fraudulent Misjoinder**

Boston Scientific fails to establish that the California Healthcare defendants were fraudulently misjoined.  Under Federal Rule of Civil Procedure Rule 21, if a party is misjoined, the court "on motion or on its own, [] may at any time, on just terms, add or drop a party . . . [and] may also sever any claim against a party."  Fed. R. Civ. P. 21.  Boston Scientific alleges that plaintiffs fraudulently misjoined the California Healthcare defendants because, it asserts, plaintiffs' claim against those defendants is unrelated to plaintiffs' claims against Boston Scientific.  But this argument fails for the reasons set forth above.  Plaintiffs properly joined all three defendants under Rule 20, as the claims against the three defendants arise, at least in part, out of the same transaction and occurrence, and there are common questions of fact and/or of law.

Additionally, the extent to which fraudulent misjoinder may be asserted as a basis for removal is unclear.  *See Dent v. Lopez*, No. 1:14-CV-00442, 2014 WL 3057456, at 4 n.1 (E.D. Cal. July 7, 2014) ("Application of the doctrine is easily resolved.  'Fraudulent misjoinder' is Eleventh Circuit doctrine.  This Court is in the Ninth Circuit.  The Ninth Circuit has not adopted the doctrine.");  *Ellis v. Amerigas Propane, Inc.*, No. 1:16-CV-1184, 2016 WL 8673036, at *3 (E.D. Cal. Nov. 18, 2016) ("Given the history, this court declines to adopt the fraudulent misjoinder theory.");  *Dowda v. Williams-Olango*, No. 1:19-CV-0871, 2019 WL 2611135, at *2 (E.D. Cal. June 26, 2019) ("[T]he court sees no reason to change course [and adopt the fraudulent misjoinder doctrine] at this time, especially in light of the sheer legion of cases in the Ninth

Circuit that reject the doctrine."); *but see Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503 (E.D. Cal. 2008) ("A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.") (internal quotation marks omitted).

In any event, the California Healthcare defendants are properly joined as defendants in this action, *see* Fed. R. Civ. P. 20(a)(2), and their citizenship must therefore be considered. As they are citizens of California, there is a lack of complete diversity and Boston Scientific has failed to establish federal diversity jurisdiction.

### C. **Plaintiffs are not Entitled to Attorney's Fees**

Plaintiffs assert they are entitled to reasonable attorney's fees because Boston Scientific improperly removed the action based on a fraudulent misjoinder theory. Doc. 13-1. "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The applicable reasonableness "test is whether the relevant case law clearly foreclosed the defendant's basis for removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Id.* at 1065.

Though plaintiffs appropriately joined the California Healthcare defendants under Rule 20, and there was no fraudulent misjoinder, relevant case law in the Ninth Circuit has not clearly foreclosed the fraudulent misjoinder theory as a basis for removal. *See Rubio v. Arndal*, 2013 WL 796669, at *4 (E.D. Cal. Mar. 4, 2013) ("the Eastern District as well as other courts are split on the validity of the 'fraudulent misjoinder doctrine' in the Ninth Circuit.") Plaintiffs' motion for attorney's fees is therefore denied.

///

///

///

///

## IV.     CONCLUSION

Accordingly,

1.     The hearing set for May 18, 2026 is vacated;

2.     Plaintiffs' motion to remand, Doc. 13, is granted;

3.     Plaintiffs' motion for attorney's fees, Doc. 13, is denied;

4.     The Clerk of Court shall terminate any other pending motion as moot;

5.     This matter is REMANDED to the Fresno County Superior Court.

6.     The Clerk of the Court is directed to mail a certified copy of this order of remand to the Clerk of the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:     May 12, 2026

_____
UNITED STATES DISTRICT JUDGE

7